## LOUGHRY v. COOK. (No. 7175.)

(Court of Civil Appeals of Texas. San Antonio. June 4, 1924. Rehearing Denied July 1, 1924.)

**1. Pleading ☜192(6), 228—Failure of party seeking cancellation to pay rent for use matter to be presented by special exception and not by general demurrer.**

Failure of party seeking cancellation of contract of purchase of lot and house to pay rent for use of premises *held* matter to be presented by special exception and not by general demurrer.

**2. Vendor and purchaser ☜44 — Testimony held to show reliance by purchaser on vendor's false representation.**

Testimony *held* sufficient to show that plaintiff purchaser relied on defendant vendor's fraudulent representation that the property bordered on streets.

**3. Vendor and purchaser ☜114, 119—Vendee held not to have lost right to rescind by waiver, laches, or limitation.**

Where a purchaser of a house and lot instituted suit, seven months after the purchase, to cancel the contract of purchase because of vendor's fraudulent representations that lot fronted on streets, and during those seven months purchaser endeavored to persuade the vendor to open the streets, and was led by him to believe that would be done, *held*, that no question of waiver, laches, or limitation arose.

**4. Vendor and purchaser ☜37(2) — Facts pleaded held to entitle purchaser to rescission of contract of purchase.**

Facts pleaded with reference to defendant vendor's false representations that the house and lot sold to plaintiff bordered on streets *held* to entitle plaintiff to rescind the contract of purchase.

**5. Judgment ☜252(5)—Pleading held to support decree of cancellation of notes and contract of purchase of lot and restitution of money paid.**

In suit by vendee for rescission of a contract of purchase of a house and lot, the prayer for "such other order, judgment, and decree as the facts and proofs may warrant both in law and equity," *held* to justify decree of canceling contract and notes and ordering restitution of the money paid by purchaser on the property.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by R. B. Cook against B. B. Loughry. From judgment for plaintiff, defendant appeals. Affirmed.

William F. Young, of Fort Worth, for appellant.
C. W. Massie, of Fort Worth, for appellee.

FLY, C. J. Appellee instituted this action against appellant to compel him to open a street in front of certain lots in the city of Fort Worth, and, in the alternative, to recover damages in the sum of $5,825, and made a tender of a deed of conveyance made by appellant to appellee to the land described in the petition. Appellant answered by general and special exceptions, general denial, and special pleas, and pleaded a cross-action against appellee for $1,250 and for a foreclosure of a vendor's lien. The general and special exceptions were overruled, and, the cause being heard without a jury, the court rendered judgment that the deed executed by appellant to appellee on

October 5, 1922, be canceled and that appellee recover of appellant the sum of $1,000, the value of an automobile given in part payment for the land, as well as $200 paid as interest on the notes, and the same was declared to be a lien on the land, inferior only to the amount of a lien held by Tilla Garrett, by virtue of a note for $1,500 executed by J. E. Blythe and wife for part of the purchase money, payment of which had been assumed by appellee, which assumption of the debt was canceled by the court, as well as everything in connection with the deed, notes, and contract of sale.

The facts show that in September, 1922, a contract of sale and purchase of a house and lot in the city of Fort Worth was entered into between appellant and appellee; the consideration being the sum of $4,250, paid and secured to be paid by the transfer of an automobile valued at $1,750 by appellee to appellant, the execution of a promissory note by appellee for $1,000, to be paid in monthly installments of $25, and the assumption by appellee of a $1,500 note which had been executed by Blythe and wife to Tilla Garrett. In pursuance of the terms of the contract, on October 5, 1922, the deed and other required papers were executed and delivered, and on or about October 21st appellee and his wife went into possession of the house and lot and have since occupied it, making the required monthly payments and interest. This suit was filed on April 26, 1923. The evidence shows that appellee was induced to make the purchase of the property through the fraud and misrepresentation of appellant as to the location of the property with reference to its contiguity to certain streets. Appellant represented that the property had a front directly on Bunting avenue and was a corner lot on Haskell and Bunting streets. The house and lot did not front on any street, and the house can be reached only by going over private property. Appellant knew that the property did not border on any street, but so represented it to appellee in order to induce him to purchase the property. The property had been contracted to J. E. Blythe, and he had executed the $1,500 note, but, after learning that the house and lot did not reach a street, abandoned the contract. This was before appellant sold to appellee, and the former well knew that the property did not border on any street when he represented to appellee that it bordered on two streets.

[1] The first assignment of error complains of the action of the court in overruling the general demurrer, and gives as grounds for such error that, while appellee sought equitable relief as to cancellation of a contract, he made no offer to pay rent for the use of the premises, and to the same effect is the second assignment of error. The first proposition under these assignments is an attack on the judgment because not responsive to the pleadings. Of course, the proposition is not germane to the assignments and has no basis in either of them. The second and third propositions have no basis in either the first or second assignments, but are an attack on the judgment and not on the pleading. The matter of a failure to offer to pay the rent was not one that could be reached by a general demurrer, but should have been presented by special exception, which was not done. The first and second assignments of error are overruled.

[2] The third, fourth, fifth, sixth, and seventh assignments of error are overruled. The testimony was, sufficient to show that appellee relied upon the false representations of appellant and was thereby induced to purchase the land. Appellant, in effect, admitted that he told the attorney of appellee that he was reserving 15 feet adjacent to the property for a street. It is inconceivable that any man would buy a house and lot with no way to reach or get out of it. Appellant owned the land which prevented appellee from getting to the street, but would not open the street. Appellee swore positively that appellant represented that the property bordered on two streets, and the trial judge gave credit to his testimony.

[3] The eighth assignment of error is overruled. Appellee bought the place in October, 1922, and the suit was filed in less than seven months. During that time appellee had endeavored to get appellant to open the streets, and he had led appellee to believe that they would be opened. No question of waiver, laches, or limitation can arise from the facts.

[4, 5] The facts pleaded show a right to a rescission of the contract, and under the prayer for "such other order, judgment, and decree as the facts and proofs may warrant both in law and equity," the court was justified in rendering the decree of cancellation of the contract and notes and a restitution of the money paid in by appellee on the property, and the court clearly considered rent of the premises by allowing only $1,000 for an automobile that was in the purchase of the land valued at $1,750, and the court also allowed no interest on the money paid to appellant by appellee. All matters were equitably adjusted.

The judgment is affirmed.